AYRES, Judge.
These are mandamus proceedings wherein plaintiffs seek to enforce the performance of a ministerial duty of a public official. The plaintiffs are electors of Winn Parish, Louisiana, who have challenged the qualifications as voters of seven registrants. The defendant is the registrar of voters. Three of the registrants, whose qualifications as voters are questioned, have intervened in the proceedings directed against them.
Plaintiffs, complying with the provisions of LSA-R.S. 18:133, made and filed affidavits with the registrar of voters reciting that Randell Powell, Almond Nash, Homer Washington, Eva Lee Webster, Thomas Weston, Arthur Holmes, and Oscar Rainwater are illegally registered, or have lost their right to vote, for the various reasons set forth in the affidavits. Despite the execution and filing of these affidavits with the registrar of voters, she has failed and refused to notify the aforesaid registrants, or to make publication thereof, or to cite or summons them to appear and make proof of their right to remain on the registration rolls; whereupon, plaintiffs invoked the provisions of LSA-R.S. 18:134 and instituted these actions against the registrar, and prayed that a peremptory writ of mandamus issue in each of these cases directing and commanding the performance of the duties of the registrar as prescribed in LSA-R.S. 18:133.
The registrar, in each of these cases, filed and urged exceptions of no cause and of no right of action and a plea of unconstitutionality of the aforesaid statute as being inimical to the provisions of both State and Federal Constitutions and being, in particular, in violation of the provisions of Article 1, Section 12, and of Article 8, Section 5 of the Louisiana Constitution of 1921, LSA, and of the Fourteenth and Fifteenth Amendments of the United States Constitution. The exceptions were also predicated upon the alleged unconstitutionality of the Statute. Similar pleas and exceptions were filed and urged by the registrants who intervened.
The exceptions and pleas were overruled and, on the trial of the cases on their merits, judgments were rendered in favor of plaintiffs and against the registrar-defendant directing and commanding the compliance of the registrar with the provisions of the statute aforesaid. The registrar, as defendant in each of the cases, and the intervenors in three of the cases, appealed.
That a registrar of voters is a public officer and that LSA-R.S. 18:133 makes it the mandatory duty of the registrar to mail the notices and cause the publication to be made as therein provided for is not open to question. The statutory duty *322 imposed by the statute on the registrar is of a ministerial character. A public officer charged by statute with the obligation and responsibility of performing ministerial duties is without right or interest to assert the unconstitutionality of the statute as a defense to an action to compel the performance of such duties. Laws are presumed to be constitutional until the contrary is judicially established; the officers upon whom have been imposed the duty of executing those laws are without authority to oppose their execution, however clear it may appear to them that the statutes contravene the Constitution. The inquiry in a mandamus proceeding alleging dereliction of duty in a public officer in the nonperformance of his duties is restricted to the question of the officer’s duty, as prescribed by the statute, and the ministerial character of the duty he is charged to perform. See Smith v. Flournoy, 238 La. 432, 115 So.2d 809, 815, and the authorities therein cited.
All of the issues of the instant case, with the possible exception of the question of the right of the registrants whose registrations are involved to intervene, were presented recently in the aforesaid case between these parties, and the Supreme Court affirmed a judgment of the district court overruling exceptions of no cause and of no right of action and a plea Uf unconstitutionality of the statute herein involved. However, it was urged there, in an exception of nonjoinder, that the registrants, whose right to remain on the registration rolls was challenged, were necessary parties-defendants. In answer to the contention, the court stated:
“There is no reasonable basis for this exception. It is clear from R.S. 18:134 that the only indispensable or necessary party defendant in this suit is the registrar.”
If the registrants had no interest justifying or warranting their inclusion as parties-defendants, neither could it be said they have such an interest as would warrant or justify their intervention.
The statute (LSA-R.S. 18:134) provides for an expeditious and summary proceeding to accomplish the purposes intended by the statute, and the necessary parties to such a proceeding are designated as the persons making the affidavits challenging the registrants’ qualifications and the registrar of voters. No provision is made for the allowance of interventions which would obviously tend to cause delay and thwart the purpose and intent of the statute in providing a summary and expeditious process to assure the prompt performance by the registrars of their ministerial duties. The time required for the filing, making service of, and putting at issue of interventions, if permitted, would cause delays, present issues, and result in complications not contemplated by the statute, the object of which is to secure the prompt discharge of the duties of the registrar. Had the Legislature deemed that the registrants, whose registration was challenged, had sufficient right or interest at that stage of the proceedings, that is, prior to the service of notice on the registrants, it could have, and no doubt would have, made ample provision for their inclusion as parties-defendants or as to their right to intervene. We therefore conclude the registrants were without right or authority to intervene in these proceedings.
The wisdom of the Legislature in its failure to provide for interventions in the statute involved is fully demonstrated by the present record. Plaintiffs’ petition was filed November 19, 1959, and the rule was made returnable at 2:30 p. m. the following day, at which time the petitions of intervention were filed as were the aforesaid pleas and exceptions. Service of the interventions was not made nor were the interventions formally allowed by the court, or answered or put at issue. The record discloses no formal acceptance of service of the petitions of intervention and only from a statement contained in plaintiffs’ brief before this court could it be concluded service was accepted. The time permitted by statute for the fixing and *323 trial of a rule on the registrar is insufficient, as shown hereinabove, for the filing, allowance, service, and the putting at issue of a petition of intervention without unduly delaying and retarding the trial of a rule against a registrar.
Moreover, the rights of such registrants are unaffected until the registrar initiates action by the mailing and publication of notice in accordance with the terms of the statute. Prior to such action, their rights are unaffected. Nor, by the present action, have they been deprived of any constitutional or statutory rights to which they are entitled.
As heretofore pointed out, the issues presented here have already been set at rest by the Supreme Court in a matter between the same parties. This court is bound by the pronouncements of the Supreme Court as set forth in its majority opinion.
We, therefore, find no error in the judgment making the writs of mandamus peremptory. We do find, however, that the judgment should be corrected in some minor respects for the reason, among others, that the period of time in which the registrar was given to comply with the provisions of the statute has expired pending these proceedings. The judgment should be recast.
Accordingly, it is therefore Ordered, Adjudged and Decreed that the writ of mandamus herein prayed for be made peremptory and that Mary C. Flournoy, registrar of voters for Winn Parish, Louisiana, be and she is hereby ordered and directed to mail the notices of challenge to each of the registrants :
Randell Powell,
Almond Nash,
Homer Washington,
Eva Lee Webster,
Thomas Weston,
Arthur Holmes, and
Oscar Rainwater,
and to cause to be made publication of the filing and mailing of said challenges, in accordance with the statute (LSA-R.S. 18:-133), within 48 hours from the finality of this judgment, provided that all proceedings of whatsoever nature or kind are hereby stayed and held in abeyance for a period of 10 days from December 2, 1959 and/or pending the filing and denial, or the granting and final disposition, of applications to the Honorable, The Supreme Court of Louisiana, for writs of certiorari, prohibition, mandamus, and review, and for a stay order.
It is further Ordered, Adjudged and Decreed that all rights of each of the registrants be and they are hereby fully reserved, without prejudice, in any subsequent action or proceeding.
Amended and affirmed.
HARDY, J., concurs in part and dissents in part, assigning written reasons.
GLADNEY, J., concurs.