Dear Ms. Brown:
You have requested an opinion of this office concerning the following:
(1) In light of Article 3, Section 16 (C) of the Louisiana Constitution of 1974 and Henry v. Edwards, 346 So.2d 153 (La. 1977), can language placed in Act 21 of 1990 (Appropriation Bill) allow the extension of a contract for collection services beyond the three year limit given in Louisiana Revised Statutes, Title 39, Section 1615 (A)?
(2) Also, can language placed in Act 21 of 1990 authorize the use of Request for Proposals to choose the contractor to do third-party liability collections for Medicaid and retroactive claims recovery for Charity Hospital in New Orleans, even though those services are considered to be operating services per R.S. 39:1556 (20)? These services would, by virtue of Chapter 17 of Title 39, be subject to an Invitation to Bid (ITB) and have, in fact, been awarded by ITB at all times in the past.
Article 3, Section 16(C) of the Louisiana Constitution of 1974 states:
 The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of governments, public charities, pensions and the public debt or interest thereon. The Henry case dealt with vetoed provisions of the Appropriation Bill enacted by the Legislature in 1976. In Henry, the Court held that inherent in the legislature's power of appropriation is the power to specify how money shall be spent. Therefore, in addition to distinct items of appropriation (money), the Court found that the legislature may include in an appropriation bill qualifications, conditions, limitations or restrictions on the expenditure of funds which would not be dealt with more properly in a separate bill. The Court, in Henry, further held that it is not enough that a provision be related to the institution or agency to which funds are appropriated, but that, to be properly included in an appropriation bill, the qualifications, conditions, limitations or restrictions must exhibit such connexity with money items of appropriation that they logically belong in the schedule of expenditures. Thus, the ultimate test is one of appropriateness. Henry v. Edwards, supra.
The Henry case addresses the issue of whether the Governor can veto particular language placed in an Appropriation Bill, without vetoing the "item" (money) to which that language was attached. Henry holds that the Governor may do so, when he believes that the language was improperly placed in the appropriation bill, and the courts, as in Henry, may ultimately decide the correctness of his veto action.
Henry v. Edwards does not address the issue of whether particular language, which may arguably be substantive, can properly be placed in an appropriation bill. In Henry, the Court avoided deciding the propriety (constitutionality) of placing substantive language in an appropriation bill. Instead, the Court chose a remedy which respects the constitutional power and integrity of the legislature, while upholding the Governor's authority of line item veto. In effect, the court declined to interfere with the law making process, except as was necessary to protect one of the other branches of government, and its respective powers, from the other. Thus, Henry v. Edwards does not address the present situation, where such language is contained in an appropriation bill which has been signed by the Governor, rather than vetoed, and which is therefore now law.
Whether the language about which you have inquired is or is not substantive, or whether the Governor could or could not have properly vetoed such language without vetoing the money item to which it was attached, is a matter of judgment. We conclude from Henry that such judgments are left to the Governor in the exercise of his veto power and the review of the courts in cases where the Governor exercises that judgment by vetoing such language. The basic premise concerning the constitutionality of laws was stated in the case of Interstate Oil Pipe Line Co. v. Guilbeau, 46 So.2d 113 (La. 1950), wherein the Supreme Court stated that:
 It is an elementary rule of construction in constitutional law that all statutory enactments are resumed to be constitutional. Whilst this presumption is not conclusive it nevertheless attaches until it is overcome by the one who challenges the validity of the statute on constitutional grounds.
Thus, laws are presumed to be constitutional until the contrary is judicially established. Smith v. Flournoy, 117 So.2d 320 (La.App. 2nd Cir. 1959), cert. den. January 11, 1960.
Under these circumstances, it is our opinion that the provisions of the 1990 Appropriation Bill of which you have inquired, which bill has been signed into law by the Governor, are presumed to be constitutional and are effective until challenged and the contrary is found by the courts.
With regard to your specific questions concerning the language contained in the 1990 Appropriation Bill relating to the extension of a contract beyond three years and the use of a Request For Proposals in place of an Invitation To Bid, the 1990 Appropriation Bill is "law" for the purpose of the phrases "Unless otherwise authorized by law", as used in LSA-R.S.39:1593, and "Unless otherwise provided by law", as used in LSA-R.S.39:1615A.
Furthermore, upon review of the appropriation bills of the previous few years, it appears that your inquiry concerns, and would thus affect, many more provisions of these appropriation bills than the two of which you have inquired.
Trusting this to be sufficient for your purposes, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General